

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 10, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas 78701

Opinion No. H- 468

Re: Questions concerning
bond which must be
filed as security for
payment of sales and
use tax.

Dear Mr. Calvert:

You ask whether in the following situations a bond must be furnished the Comptroller as security for the payment of the Limited Sales, Excise and Use Tax, TAX.-GEN. art. 20.01 et seq.:

a) A corporation with a permit and no record of delinquency merges into another corporation, which has no permit. The surviving corporation is the corporation which originally did not have a sales tax permit.

b) A corporation consolidates with another corporation. One of the consolidating corporations had a permit and no record of delinquency. A new corporation is created by the plan of consolidation.

c) Husband has a permit with no delinquency record; the husband dies and his wife continues to operate the business.

d) A single proprietor incorporates. There is no delinquency under the sole ownership.

e) A partnership changes to a single proprietorship, one partner becoming the sole owner. The partnership has no delinquency record.

f) A partnership incorporates.  The partnership
has no delinquency.

g) A sole owner enters into a partnership.  The
sole owner has no delinquency.

Article 20.02, TAX.-GEN., imposes a sales tax of 4% on the receipts
from all retail sales of taxable items occurring within the State.  Retailers
are made responsible for collecting the tax, and they are required to
obtain a separate sales tax permit for each place of business they main-
tain within the state.  Art. 20.021(D) expressly provides that:

> A permit shall not be assignable and shall be
> valid only for the person in whose name it is
> issued and for the transaction of business at the
> place designated therein.

In 1973 the Legislature added a provision to the Sales Tax Act which
is designed to protect the state from a retailer's failure, for whatever
reason, to pay over the taxes he collects.  Essentially Article 20.021(N)
requires unreliable or unproven businesses to furnish the Comptroller
with a bond or other security in an amount sufficient to secure payment
of the taxes that become due under the Act.  In each case the amount
and kind of bond or security required is left up to the Comptroller, taking
into consideration the amount of money that has or is expected to become
due from the business in question.  Particularly relevant to the questions
you have posed is Article 20.021(N)(2) which provides:

> No sales tax permit shall be issued by the
> Comptroller on or after January 1, 1974, until
> the applicant provides the Comptroller with a
> bond or security as described in Subsection 1 of
> this Paragraph, together with a completed sales
> tax permit application form.

The effect of this provision, when read in conjunction with Article 20.021(D),
is to require each new retail business entity formed in Texas to furnish the
Comptroller with a bond or some other kind of security.  This is so because
under Article 20.021(D) a sales tax permit is not assignable and is valid
only for the person or entity in whose name it is issued.  As a result, each

newly formed business entity must obtain a new sales tax permit issued in its name. The statute does not permit a different result even though the new entity is merely a restructured version of a pre-existing business the ownership of which remains essentially unchanged or only slightly modified. Under Article 20.021 (N)(2) no sales tax permits can be issued by the Comptroller on or after January 1, 1974, until the applicant provides a bond or some other kind of security.

The Comptroller should consider the taxpaying records of the predecessor business and the other factors you have mentioned in exercising his discretion as to the size and type of bond to be required. The obvious intent of the Legislature was to protect the interest of the State against businesses with bad or unproven taxpaying histories. Although a permittee with an exemplary taxpaying record is required to execute a bond if he begins to operate as a new entity, he generally does not represent the same risk to the State as a business with no record and should not be required to post the same type bond. Indeed, it may be unreasonable for the Comptroller to decline to consider past taxpaying history when a retailer changes his form of business entity without substantially changing such factors as ownership, management and capitalization. In most of these cases only a nominal bond need be required.

In each of the situations about which you have inquired, the ownership of an existing business has been changed or modified, and in the process the legal structure of the business has been reconstituted. In each case a new business entity has been created, and the old one has been dissolved. Since each of these new businesses must obtain a sales tax permit in its name, each must also provide the Comptroller with whatever bond or other security he reasonably deems appropriate. Our answer to each of the questions you have asked is in the affirmative.

## SUMMARY

Before any new business entity can obtain the sales tax permit required under Article 20.021(D), it must furnish the Comptroller with whatever bond or other

security the Comptroller deems sufficient to
protect the State from a failure to pay over the
taxes that will become due under the Sales Tax.
Act.   The Comptroller should consider the tax-
paying record of the predecessor business in
exercising his discretion as to the size and type
of bond to be required so that a retailer with a
proven record of compliance with the law will
not be required to post the same type bond as
an unproven business.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg